UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABRAHAM LOPEZ,

    Plaintiff,

v.                                             CASE NO. 3:11-cv-375-J-25JBT

COOPER TIRE & RUBBER COMPANY,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant, Cooper Tire & Rubber Company's Motion to Compel Production of the Subject, Companion and Spare Tires and Rims ("Motion") (Doc. 9) and Plaintiff's Response thereto ("Response") (Doc. 10). For the reasons stated herein, the Motion is **GRANTED in part** and **DENIED in part**. In short, the Motion is due to be granted to the extent Defendant seeks custody and possession of the subject evidence for ninety (90) days "to conduct non-destructive evaluation and testing in its own facilities, without any observation or videotaping by Plaintiff or anyone acting on his behalf" (Doc. 9 at 10), except as stated herein. The Motion is denied in all other respects.

    **I.    Nature of the Action**

This is a product liability action allegedly arising out of a single-vehicle automobile accident, causing the death of the driver (the "Decedent"). (Doc. 1, ¶¶ 7-8.) The Complaint alleges that at the time of the accident, a tire manufactured by

Defendant was mounted on the left rear side of the Decedent's vehicle. (*Id.* at ¶ 7.) The tire tread on the subject tire allegedly "experienced a catastrophic tread separation, causing [the Decedent] to lose control of the truck, and in the ensuing crash, to be ejected from the truck." (*Id.* at ¶ 8.) Plaintiff, as Personal Representative of the Decedent, alleges that Defendant, *inter alia*, negligently designed, manufactured, tested, and/or inspected the subject tire, which caused or contributed to the accident and the resulting death. Plaintiff also brings a strict liability claim based on alleged defects in the subject tire. (*Id.* at ¶¶ 19-28.)

## II.  Standard

"A party seeking discovery may move for an order compelling . . . production . . . if: . . . (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Rule 34 provides that "[a] party may serve on any other party a request . . . (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . (B) any designated tangible things," Fed. R. Civ. P. 34(a)(1)(B), but the request "must specify a reasonable time, place, and manner for the inspection and for performing the related acts," Fed. R. Civ. P. 34(b)(1)(B).

## III.  Discussion

Defendant's Motion seeks to compel production of the subject tire, the companion and spare tires, and rims (collectively, the "evidence"), for the purpose of conducting a non-destructive forensic examination thereof for a period of ninety

(90) days[1] at Defendant's facility in Findlay, Ohio, where specialized equipment and laboratory facilities are available. (Doc. 9.) Defendant requests that Plaintiff ship the evidence, at Defendant's expense, "within the next ten (10) days" pursuant to Defendant's shipping instructions (*see* Doc. 9-7). (Doc. 9.) Defendant further requests that the testing occur "without any observation or videotaping by Plaintiff or anyone acting on his behalf" and that all parties abide by the terms of Defendant's proposed Tire Inspection Agreement (Doc. 9-8). (Doc. 9.)

Plaintiff responds he has agreed to allow Defendant access to the evidence to "conduct non-destructive testing, wherever and however it chose to do so" and his "only conditions were that the Defendant be accountable and responsible for the Plaintiff's property for the entire time it was in the Defendant's possession, and the Defendant document their removal and demounting of the companion tires." (Doc. 10 at 2.) Thus, Plaintiff asks that the Court condition the transfer of possession of the evidence on Defendant's execution of the Tire and Wheel Inspection and Shipping Agreement (*see* Doc. 10-1). (Doc. 10 at 5-6.) With respect to the ninety-day period requested by Defendant, Plaintiff asserts that thirty (30) days is more than adequate time to complete the inspection because Defendant has not shown good cause for the ninety-day period and its attorneys have previously agreed that sixty (60) days would be sufficient. (*Id.* at 3-5.) Plaintiff also requests that "should the

---

[1] The Affidavit of Cooper Tire & Rubber Company (Doc. 9-11), signed by Anthony Brinkman, provides that "90 days is the minimum reasonable time period [for testing] in order to accomplish all [that is listed herein]."

Defendant wish to take custody and possession of the tires and rims for inspection, it do so within ten days of the date of the Order." (*Id.* at 6.)

Based on the parties' representations, it appears undisputed that Defendant should be allowed to obtain the evidence for non-destructive testing at a facility of its choice, at Defendant's expense, without any observation or videotaping by Plaintiff or anyone acting on his behalf during the testing. The parties' main disagreement concerns the issue of who should bear the risk of loss and/or damage while the evidence is removed, demounted, and shipped. Upon careful consideration of the parties' respective positions, the Court finds Plaintiff's proposal on this issue reasonable and, therefore, adopts Plaintiff's Tire and Wheel Inspection and Shipping Agreement to the extent it provides: "Defendant assumes the risk of loss of the evidence, or damage to the evidence, during its removal from the vehicle and transit." (Doc. 10-1.) Further, such risk of loss remains with Defendant until the evidence is received back by Plaintiff's counsel.

The Court notes that neither Defendant's shipping instructions (Doc. 9-7) nor Defendant's proposed Tire Inspection Agreement (Doc. 9-8), provides any guidance on this issue. In addition, the Affidavit by Mr. Brinkman does not address the risk of loss and/or damage except to state that "Cooper has never lost any tire in litigation using these procedures." (Doc. 9-11 at 4.) Moreover, the authorities cited by Defendant, to the extent they should be considered by this Court as persuasive, also do not directly address risk of loss as a disputed issue. Further, the Court is not

4

willing to accept Defendant's assurance that "[i]n the unlikely event that the integrity of any of the tires or rims is compromised, Florida law regarding spoliation adequately protects Plaintiff."[2]  (Doc. 9 at 7.)

The Court does not agree that documenting the evidence, by photograph or otherwise, before it changes possession, would be sufficient to protect Plaintiff's interests in case of loss and/or damage.  Since Defendant is necessitating shipment, which it has a right to do, it follows that it should bear the burden to ensure that no loss or damage ensues, and to bear the risk of any such loss or damage.  Therefore, adoption of Plaintiff's proposed language quoted above is appropriate.  To the extent this language conflicts with Defendant's shipping instructions and/or Defendant's proposed Tire Inspection Agreement, Plaintiff's language controls.

Further, since there will be no observation or videotaping by anyone acting on Plaintiff's behalf during Defendant's testing, in accordance with Plaintiff's proposal the Court finds it appropriate to require Defendant to document its removal and demounting of the evidence.  Thus, the Court adopts Plaintiff's Tire and Wheel Inspection and Shipping Agreement to the extent it provides: "Defendant shall videotape the removal of the companion tires and wheels from the subject Ford Ranger, in its entirety, up through and including the enclosing of the tires and wheels for shipment.  Defendant shall also videotape the demounting of the companion tires." (Doc. 10-1 at 5.)

---

[2] The Court expresses no opinion on this matter.

Next, with respect to the duration of the testing, the Court finds Defendant's request for ninety (90) days justified based on the attestation in Defendant's Affidavit and the lack of contrary evidence presented by Plaintiff. Thus, the Motion is due to be granted to the extent it seeks a ninety-day custody and possession of the evidence for the purpose of testing. Further, although Defendant's Motion requests that Plaintiff undertake shipment "within the next ten (10) days" and Plaintiff's Response similarly asks that Defendant take custody of the evidence within ten days of the date of this Order, in light of the Court placing the burden of shipping on Defendant, it is appropriate to allow Defendant to take custody and possession of the evidence within thirty (30) days of the date of this Order.

Finally, both parties seek attorney's fees and costs pursuant to Rule 37. (Docs. 9 & 10.) In granting in part and denying in part a motion to compel discovery, the Court has discretion to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that a reasonable apportionment of the expenses incurred in connection with the Motion is for each party to bear its own costs. Thus, to the extent the Motion seeks attorney's fees and costs, it is due to be denied. Plaintiff's request for attorney's fee and costs is also due to be denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 9**) is **GRANTED in part** and **DENIED in part**. The Motion is granted to the extent it seeks custody and possession of the subject evidence by Defendant for ninety (90) days "to conduct non-destructive evaluation and testing in

6

its own facilities, without any observation or videotaping by Plaintiff or anyone acting on his behalf," except as stated herein.  The Motion is denied in all other respects.  If Defendant still chooses to test the subject evidence, it must take possession of such evidence **on or before August 24, 2011**.  The parties shall bear their respective expenses incurred in connection with the Motion.  See Fed. R. Civ. P. 37(a)(5)(C).

      **DONE AND ORDERED** at Jacksonville, Florida, on July 25, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record